### 45701.   MATHEWS v. MATHEWS.

DEEN, Judge. It appears from the pleadings and attached exhibits in this case that in the previous case of Mathews v. Mathews in the Superior Court of Clayton County the plaintiff in the present case had been ordered to pay the sum of $32 per week as child support to Tena Mathews; that he had paid only $28.00 per week and that thereafter he had appeared as defendant in an application for contempt for nonpayment of child support in the Superior Court of Clayton County, was found guilty, and permitted to purge himself by payment of the arrearage. He

now brings an action in the State Court of Clayton County against the plaintiff in the comtempt action seeking to recover back $588 as overpayments under the order for child support. When the case was here before (*Mathews v. Mathews,* 121 Ga. App. 725 (175 SE2d 126)), we pointed out that although the defendant in this case moved to dismiss on the ground of lack of jurisdiction the trial judge had failed to enter a final order. This he has now done. It is perfectly obvious from this record that the case involves a dispute over the amount of weekly child support payments based on an order of a Judge of the Superior Court of Clayton County.

Child support is a part of the alimony in divorce cases, and it is within the discretion of the judge as to the person to whom the amounts stated for child support shall be paid. *Code* § 30-207. Exclusive jurisdiction of alimony cases is within the superior courts of the various counties. Constitution of Georgia, Art. VI, Sec. IV, Par. I. A city court is without jurisdiction to entertain a suit for alimony and/or child support ancillary to such action in a case in which a judgment setting the sum payable has previously been rendered in a superior court. *Tyson v. Tyson,* 176 Ga. 137 (167 SE 172). The Judge of the State Court of Clayton County did not err in dismissing the action for lack of jurisdiction.

*Judgment affirmed. Hall, P. J., and Evans, J., concur.*
SUBMITTED OCTOBER 8, 1970—DECIDED NOVEMBER 18, 1970—
REHEARING DENIED DECEMBER 4, 1970.

*Oze R. Horton,* for appellant.
*Evelyn M. Highsmith, Monroe Ferguson,* for appellee.